GEORGE J. DREISKE, for plaintiff in error.

THEODORE A. KOLB, for defendant in error.

MR. JUSTICE McDONALD, delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 10*—*when sufficient ground not shown for desertion.* The fact that a wife had caused the husband's arrest on a charge of disorderly conduct, and that when that action was *nolle prossed* the justice before whom it was pending warned the husband that the wife wished him to stay away from her, affords no justification for the husband's continued absence when the action of the justice was not shown to have been concurred in by the wife.

2. DIVORCE, § 10*—*when sufficient ground for desertion not shown.* The fact that the wife's adult sons threatened to kill the husband if he did not leave the wife's home cannot be attributed to the wife as an excuse for the desertion by the husband, where it is not shown that she aided and abetted in such threats, but it appears that she had her sons arrested in consequence thereof.

---

## Edwin J. Bowes, Jr., et al., Appellants, v. Eugene S. Pike, Appellee.

### Gen. No. 21,372.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded with directions. Opinion filed July 20, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Bill by Edwin J. Bowes, Jr., *et al.*, complainants, to restrain Eugene S. Pike, one of the defendants, from

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

entering judgment upon a note for $1,250, dated February 1, 1908, due six months after date, with interest at the rate of six per cent. per annum from date. By stipulation, defendant Pike was permitted to file a cross-bill in said cause, wherein he prayed that a decree be rendered in his favor for the amount due him on the note in question. Allegretti, the other defendant, was dismissed from the suit by consent of the parties. Upon a hearing of the cause thus consolidated, the chancellor found the issues for the cross-complainant, and entered a decree in his favor for the sum of $1,776, being the amount then due on said note, and dismissed complainants' bill for want of equity. From this decree, complainants appeal.

MAYER, MEYER, AUSTRIAN & PLATT, for appellants.

MATZ, FISHER & BOYDEN, for appellee Eugene S. Pike; WILLIAM WARREN CASE, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 440*—*when evidence sufficient to show knowledge of payee of release of joint makers.* In an action by the makers of a note to enjoin the payee from entering judgment thereon, evidence examined and *held* to show that the payee had knowledge of an agreement by one of the makers to save the others harmless from liability thereon, and that such payee acquiesced therein.

2. BILLS AND NOTES, § 96*—*when extension of time releases joint makers.* Where the payee of a note enters into a binding contract with one of several makers thereof, extending the time of payment on the note without the knowledge or consent of the other makers, the latter are released from further liability.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.